UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WM Capital Partners XII, LLC,
        Plaintiff,
   v.

MFP Group Corp., et. al.
        Defendants.

Civil No. 11-1824 (DRD)

## ORDER

Pending before the Court is Plaintiff's *Motion Requesting Expenses Incurred in Making Service and Attorney's Fees* (Docket No. 7) filed on November 1, 2011. Attached to this motion are copies of the following documents: the Notice of a Lawsuit and Request to Waive Service of a Summons ("Notice") addressed to Defendant MFP Group Corp. (Docket No. 7-1, page 1); the certified mail receipt no. 7007 0710 0000 8312 5562, dated August 29, 2011 and its delivery receipt dated August 31, 2011 (Docket No. 7-1, page 2); the Notice addressed to Defendant Luis A. Prieto Figueroa (Docket No. 7-1, page 3); the certified mail receipt no. 7007 0710 0000 8312 5579, dated August 29, 2011 and its delivery receipt dated August 31, 2011 (Docket No. 7-1, page 4); the Summons in a Civil Action ("Summons") addressed to Defendant MFP Group Corp. (Docket No. 7-2, page 1) and its corresponding Proof of Service, dated September 30, 2011 (Docket No. 7-2, page 2); the Summons addressed to Defendant Prieto (Docket No. 7-2, page 3) and its corresponding Proof of Service, dated September 30, 2011 (Docket No. 7-2, page 4); and the server's invoice for the service of process on both defendants (Docket No. 7-3).

After evaluating the arguments laid out by both parties, the Court hereby **GRANTS** Plaintiff's request for costs of making personal service and **DENIES**, at this time, the request for attorney's fees in drafting the instant motion. The request for attorney's fees may be refiled

upon request after final resolution of the instant case pursuant to Rule 54(d) of the Rules of Federal Civil Procedure ("Federal Rules").

Plaintiff submitted the instant motion pursuant to Federal Rule 4(d)(2) because Defendants allegedly failed to waive service. Plaintiff argues that the Court must impose on the Defendant reasonable expenses incurred in making service and the corresponding attorney's fees for the time incurred by Plaintiff's counsel in the preparation of the motion requesting such expenses.

On August 24, 2011, Plaintiff sent each Defendant via certified mail with return receipt requested the Notice, Summons and a copy of the Complaint to the address included in Defendants' loan files maintained by Plaintiff. (Docket No. 7). Such correspondence was returned to Plaintiff undelivered for insufficient address. On August 29, 2011, Plaintiff re-sent each Defendant via certified mail with return receipt requested the Notice, Summons and copy of the Complaint to a mailing address that was located in a private mail box location. The names included in the caption of the Notice, Summons and Complaint were correctly identified. Further, the Notice clearly stated that there was a complaint filed against Defendants and the period in which Defendants had to sign and return the Summons (i.e., thirty (30) days). The Notice also explicitly stated the potential consequences for failure to return the signed Summons within the given time period. (Docket No. 7-1, pages 1 and 3, respectively).

Soon thereafter, Plaintiff noticed that the Summons addressed to Defendant Prieto had incorrectly included the Defendant's name in the space provided for the name of the person to whom the Summons should be returned. For such reason, on August 31, 2011, Plaintiff sent Defendant Prieto via certified mail with return receipt requested an amended Summons to the private mail box mailing address, indicating the error in the previously sent Summons. (Docket No. 13).

On September 30, 2011, Defendants were served in person because Plaintiff did not receive the Summons by the end of the 30-day period, which, according to Plaintiff, commenced

on August 29th and ended on September 28th. Two months later, Plaintiff filed the instant motion requesting the costs and attorney's fees incurred in making personal service.

On November 9, 2011, Defendants filed their opposition to Plaintiff's request for costs and fees, which was supplemented on November 17, 2011. (Docket Nos. 9 and 13). In their opposition, Defendants argue that Plaintiff should not be granted such request because: (1) the service of process was sent to the "wrong person" because the documents were received by a person that is "not related to defendants, does not work for them and is not an agent of defendants" (Docket No. 9, ¶5); and (2) the documents sent on August 29th had a "fatal error in the form itself" because Plaintiff wrote Defendant Prieto's name in the space provided for the name of the person to whom the Summons should be returned instead of the name of Plaintiff's attorney (Docket No. 13, ¶10). Defendants further argue that the personal service of process made on September 30, 2011 was premature because the 30-day period granted to Defendants to sign and return the Summons began to run on September 9, 2011, the day after the amended Summons was received. For such reasons, Defendants request that Plaintiffs' motion for costs and attorney's fees be denied and that Defendant's be awarded attorney's fees in their favor "for having to oppose to a motion for fees and expenses that is thoroughly lacking in merits." (Docket No. 13, page 4).

In order to resolve the instant motion, the Court must answer the following questions:

1. Is request for costs and expenses under Federal Rule 4(d)(2) premature before final judgment is issued?
2. Should attorney's fees be included in the Court's award under Federal Rule 4(d)(2)? If so, how should those fees be calculated?
3. Is service by mail sent to a defendant to a private mail box allowed under the applicable rules?
4. Is service effective when an employee of a private mail box facility receives the service documents?

5. Is a summons that requires an amendment constitute proper service of process on the date the original summons is sent?
6. When does the period granted to sign and return the Summons commence?

First, the Court finds that Plaintiff's request for costs and attorney's fees is not premature. In such respect, several district courts have found that granting relief under Federal Rule 4(d)(2) before final judgment is appropriate noting that Federal Rule 4(d) "makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case and, therefore, there is no cause to delay an aware of costs even when … Plaintiff's claim may be without merit." *See* Costello v. Feaman, 2010 WL 2985660 (E.D.Mo. 2010) (citing Double "S" Truck Line, Inc. v. Frozen Food Express, 171 F.R.D. 251 (D.Minn. 1997) (the Court awarded attorney fees incurred in arranging personal service and in filing motion for costs after defendant failed to comply with request for waiver of service of process; motion for costs was filed 97 days after personal service); Marcello v. Maine, 238 F.R.D. 113 (D.Me. 2006) (the Court granted plaintiff's motion requesting the costs incurred in serving a co-defendant that failed to sign and return the waiver which was filed 21 days after service of process had been made); Butler v. Crosby, 2005 WL 3970740 (M.D.Fla. 2005) (in granting a request for costs and attorney's fees filed 115 days after plaintiff effected service, the Court concluded that, although uncommon, moving the Court for relief under Federal Rule 4(d)(2) before final judgment was not premature). The reason being that "the intent of Rule 4(d) is to charge the defendant who fails to sign and return the waiver form 'those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed.'" *See* Double "S" Truck Line, Inc., 171 F.R.D at 253 and Marcello, 238 F.R.D. at 116, citing the *1993 Advisory Committee Notes to Rule 4*.

Secondly, pursuant to Federal Rule 4(d)(2)(B), the court "must impose on the defendant (…) reasonable expenses, including attorney's fees, of any motion required to collect those

service expenses" for failure to waive service. However, the attorney's fees that must be awarded are those corresponding to the time invested in drafting and preparing the motion to collect the costs of service. *See* Maranto v. Dillard Nat. Bank, 230 F.R.D. 478 (W.D.La. 2005) ("Attorney fees incurred in connection with attempts to make service or to obtain a waiver of service were not recoverable under rule permitting recovery of attorney fees for motion to collect costs of service."), and Andrews v. Pediatric Surgical Group, P.C., 138 F.R.D. 611 (N.D.Ga.1991) ("'Costs of personal service' recoverable by plaintiff in obtaining personal service upon defendants, who failed to establish good cause for their failure to acknowledge plaintiff's initial service of process attempt by mail, included [the] in attorney fees incurred by plaintiff for … drafting [the] motion to recover costs.").

Having found that the Court must award attorney's fees corresponding to the time invested in drafting and preparing the motion to collect the costs of service, the next step is to determine the reasonable fees applying the loadstar analysis used in Coutin v. Young & Rubicam, 124 F. 3d 331 (1st Cir. 1997), which makes reference to the factors outlined in Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714, 719.[1] The loadstar analysis contemplates judicial ascertainment of the reasonableness of the fees requested; however it requires that the party requesting such fees provide supporting documentation to evidence, among other things, the number of hours spent, the customary hourly rate for an attorney of his level of experience, and the amounts awarded in similar cases. In this case, Plaintiff has not provided the necessary documentation to allow the Court to perform the referenced analysis.

---

[1] As stated in Young & Rubicam, the factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney(s) due to acceptance of the case; (5) the customary fee; (6) the nature of the fee (fixed or contingent); (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) the size of awards in similar cases.

124 F.3d at 337 n. 3.

Particular reference is made to the "hours spent" and the justification as to the rate based on "hourly fees" on the basis of counsel's "experience" (number of years litigating) as a lawyer in the federal jurisdiction. For such reason, the Court will delay award of attorney's fees until final judgment is issued in the instant case pursuant to Federal Rule 54(d)(2) and all required supporting documentation is provided.

We turn to Federal Rules 4(e) and 4(h)(1) of the Federal Rules to answer the third and fourth questions. The cited rules provide two mechanisms for executing service of process on individuals and corporations located within a judicial district of the United States, respectively. The first mechanism permits plaintiffs to use the methods of service allowed by state law, while the second mechanism provides for service of process under federal prescription.

Under the mechanism allowed by state law, Rule 4.5 of the Puerto Rico Rules of Civil Procedure of 2009 ("State Rules") allows a plaintiff to request waiver of service and that it be delivered using certified mail with return receipt requested with limited delivery to the defendant or a person authorized by such defendant. *See* State Rule 4.5(b)(2).

In this respect, the Puerto Rico Court of Appeals has validated the service by mail onto defendants when the documents are received by the employee or operator of a private mail box facility because the court has considered such persons as agents of the defendants. *See* Doral Bank v. Gary Dean George, et. al., 2010 WL 6538474 (2010), 2010 PR App. LEXIS 4527 (2010) (the court validated the service by mail procedure in which plaintiff sent the service documents via certified mail to a private mail box address and the delivery receipt was signed by an employee of the private mail box facility), and Mercado Falcón v. General Coating Products Corp., 2010 WL 5877849 (2010), 2010 PR App. LEXIS 3810 (2010) (the court confirmed a resolution appealed for alleged lack of proper service of process, deciding that service by mail received by an employee of a private mail box facility was appropriate because, whether considered as employees or independent contractors, the private mail box personnel are agents of the defendant).

Although the judgments and resolutions of the Puerto Rico Court of Appeals are not authoritative precedents that may be binding to this Court, they may be used as persuasive legal sources for our application of Puerto Rico statutes. *See* PR ST T. 4 § 24x and PR ST T. 4 Ap. XXII-B, R. 11(D). The quoted sentences have persuaded us that service by mail sent to a defendant to a private mail box that is received by the employee of such facility is allowed under State Rules, thereby rendering service of process effective.

In response to our fifth question, Federal Rule 4(a) allows courts to permit amendments to summons "to alleviate errors of a technical nature that are not misleading or prejudicial to the recipient of the document." *See* 4A C. Wright and & Miller, Federal Practice & Procedure, Civ. 3d §1088. What is required to allow an amendment to the summons is that "the summons [is] sufficiently accurate to provide proper notice." *See* Id. However, Courts cannot allow amendments to the summons if the error results in prejudice to the defendant, or if the error demonstrates disregard of the requirements of Federal Rule 4(a). Nonetheless, the decision of what constitutes prejudice is a matter of judicial discretion. *See* Id.

In this case, the Court is of the opinion that incorrectly including in the Summons the Defendant's name in the space provided for the Plaintiff's attorney as the instruction to Defendants of the person to whom the Summons should be returned is an error that is neither misleading nor prejudicial to Defendants in any manner. More so when considering that Plaintiffs sent an amended Summons only two days after the original Summons was sent to Defendants and that the Summons and accompanying documents achieve their purpose of notifying Defendants of the complaint, identifying the parties, requesting waiver of service within a reasonable period of time, and stating the consequences for failing to waive service.

Pursuant to the liberal amendment of process policy of Federal Rule 4(a), this Court allows Plaintiff's amendment of the Summons sent on August 29, 2011, thereby determining that service by mail made on such date constituted proper service of process pursuant to the Federal Rules.

Lastly, Federal Rule 4(d)(1)(F) instructs that, in requesting waiver of service, the notice and request must "give the defendant a reasonable time of at least 30 days **after the request was sent** – or at least 60 days if sent to the defendant outside any judicial district of the United States – to return the waiver." (Our emphasis). Pursuant to the clear language of the rule, the 30-day period for a defendant to sign and return a waiver **begins on the date the plaintiff sends the request, and not on the date the waiver is received**, as Defendants contend. Based on the above, the date in which the 30-day period to sign and return the waiver commenced on August 29, 2011 and ended on September 28, 2011.

Based on the above, the Court finds that Defendants failed to waive service of process within the period granted under Federal Rule 4(d)(1) without good cause. Consequently, Plaintiff's *Motion Requesting Expenses Incurred in Making Service and Attorney's Fees* (Docket No.7) is **GRANTED** with respect to the costs of making service in the amount of ONE HUNDRED AND SEVENTY DOLLARS ($170.00) and **DENIED WITHOUT PREJUDICE** with respect to the attorney's fees for the time incurred by Plaintiff's counsel in the preparation of the motion requesting such expenses as counsel has not expressed via a sworn statement of another counsel in this jurisdiction a statement as to reasonable fees to counsel per hour for a lawyer of moving counsel's experience. *See* Hensley v. Eckerhart, 461 U.S. 424, 433, (1983); Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) ("prevailing rates in the community for comparably qualified attorneys", citing U.S. v. Metropolitan Dist. Comm'n., 847 F.2d 12, 19 (1st Cir.1988)).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of December, 2011.

/s/ DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. District Judge